Shahid Haque
BORDER CROSSING LAW FIRM, P.C.
7 West 6th Avenue, Suite 2A
Helena, MT 59624
(406) 594-2004

Matt Adams
Leila Kang
Anne Recinos
Glenda M. Aldana Madrid
NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| MIGUEL ANGEL REYNAGA HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>DERREK SKINNER, in his official and individual capacities; PEDRO HERNANDEZ, in his individual capacity; and JEANNE WALKER, in her official capacity,<br><br>Defendants. | No. CV 18-40-BLG-SPW<br><br>**PLAINTIFF'S PRELIMINARY PRETRIAL STATEMENT** |

Plaintiff Miguel Angel Reynaga Hernandez files this Preliminary Pretrial

Statement pursuant to this Court's April 3, 2018 order, Dkt. 20.

PL.'S PRELIM. PRETRIAL STATEMENT - 1

**A.      Brief Factual Outline of the Case.**

This lawsuit arises from the unlawful arrest of Plaintiff Miguel Angel
Reynaga Hernandez by Defendant Pedro Hernandez, a judge of the Yellowstone
County Justice Court, and Defendant Derrek Skinner, a deputy of the Yellowstone
County Sheriff's office. Defendant Skinner and Defendant Hernandez effectuated
Plaintiff's arrest without a warrant, without probable cause that he had committed
any crime, and without legal authority.

On October 2, 2017, Plaintiff attended a hearing at Yellowstone County
Justice Court in order to testify on behalf of his wife Jana Rae Reynaga Hernandez,
who was seeking a civil protection order against a her cousin Rachel Elizondo.
Defendant Pedro Hernandez presided over the civil protection hearing. At the
outset of the hearing, he instructed all witnesses, including Plaintiff, to wait outside
the courtroom. Ms. Elizondo testified that Plaintiff was not a "legal citizen" during
the course of the hearing.

Defendant Hernandez contacted the Yellowstone County Sheriff's Office to
request that Mr. Reynaga, an "illegal immigrant," be picked up by a deputy.
Defendant Skinner, a deputy sheriff of Yellowstone County, was subsequently
dispatched to Yellowstone County Justice Court. After speaking with Defendant
Hernandez, Defendant Skinner arrested and searched Plaintiff in the hallway of the

PL.'S PRELIM. PRETRIAL STATEMENT - 2                NORTHWEST IMMIGRANT RIGHTS PROJECT
                                                          615 Second Avenue, Suite 400
                                                               Seattle, WA 98104

courthouse. Defendant Skinner then removed Plaintiff from the courthouse and

placed him in his patrol vehicle. Defendant Skinner called Yellowstone County

Dispatch and confirmed there was no arrest warrant for Plaintiff. Defendant

Skinner also initiated contact with U.S. Immigration and Customs Enforcement

(ICE). At the request of an ICE officer, Defendant transported Plaintiff to the

Yellowstone County Detention Facility and booked him into custody.

Plaintiff remained in Yellowstone County custody until being picked up by

ICE on October 3, 2017. Plaintiff suffered substantial physical and emotional harm

as a result of Defendants' unlawful seizure.

**B.      Basis for Federal Jurisdiction and Venue in the Division.**

This action arises under the Constitution and laws of the United States,

including 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. §§

1331 (federal question) and 1343 (civil rights). Venue is proper in this district and

division pursuant to 28 U.S.C. § 1391(b) and Local Rules 1.2(c) and 3.2(b), as the

events giving rise to Plaintiff's claims occurred in Billings, Montana.

**C.      Factual Basis and Underlying Legal Theory of Each Claim
          Advanced by Plaintiff.**

Plaintiff brings two claims under 42 U.S.C. § 1983, against Defendant

Hernandez and Defendant Skinner, respectively, for their unlawful seizure of

Plaintiff. Each Defendant, acting under color of state law, violated Plaintiff's

Fourth Amendment rights by arresting him without warrant or probable cause, and

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104

without any legal authority to enforce federal immigration law.

The Fourth Amendment protects individuals from unreasonable seizures by government agents. CONST., AMEND. IV. A "seizure" occurs when government agents, "by physical force or a show of authority, terminate or restrain the person's freedom of movement" intentionally. *Brendlin v. California*, 551 U.S. 249, 254 (2007) (internal citations omitted). A warrantless arrest in public must be supported by probable cause to believe that the person has violated the law, in order to comply with the Fourth Amendment's requirements. See *United States v. Watson*, 423 U.S. 411, 417 (1979). Probable cause is defined as "'facts and circumstances . . . such as to warrant a man of (reasonable) prudence and caution in believing that the offense has been committed" and . . . that the person to be arrested was the offender. *Id.*, at 431 n. 4 citing *Carroll v. United States*, 267 U.S. 132, 160 (1925).

State and local law enforcement officers violate the Fourth Amendment when they initiate or prolong a seizure solely to investigate whether an individual is unlawfully present in the United States. *Melendres v. Arpaio*, 695 F.3d 990, 1001 (9th Cir. 2012) ("While the seizures of the named plaintiffs based on traffic violations may have been supported by reasonable suspicion, any extension of their detention must be supported by additional suspicion of criminality. Unlawful presence is not criminal."). As the Supreme Court made clear in *Arizona v. United*

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104

*States*, "it is not a crime for a removable [noncitizen] to remain present in the United States." 567 U.S. 387, 407 (2012). Therefore, "[a]s a general rule, … if the police stop someone based on nothing more than possible removability, the usual predicate for an arrest is absent." *Id.* (internal citation omitted). Even prior to the Supreme Court's decision in *Arizona* and the Ninth Circuit's decision in *Melendres*, the law was established that even actual knowledge that a person is not lawfully in the country does not provide probable cause to support a warrantless arrest. *See Martinez-Medina v. Holder*, 673 F.3d 1029, 1031 (9th Cir. 2011)a non-citizen's "admission of illegal presence … does not, without more, provide probable cause of [a] criminal violation…") citing *Gonzales v. City of Peoria*, 722 F.2d 468, 475 (9th Cir. 1983).

Defendant Hernandez instigated Plaintiff's arrest by calling the sheriff's office and asking for Plaintiff to be picked up. Defendant Hernandez did not issue a judicial arrest warrant for Plaintiff. Defendant Hernandez acted solely for the purpose of civil immigration enforcement, as he had no reason to believe that Plaintiff had committed a crime or was otherwise engaged in criminal activity. Moreover, he was not taking action with respect to laws that he was authorized to enforce.

Defendant Skinner seized Plaintiff by handcuffing him, detaining him in his patrol vehicle, and transporting him to Yellowstone County Detention facility

PL.'S PRELIM. PRETRIAL STATEMENT - 5

solely on suspicion of a civil immigration violation. Defendant Skinner had no

probable cause to believe that Plaintiff had committed a crime. Defendant Skinner

detained Plaintiff for the sole purpose of investigating his immigration status and

facilitating his arrest by ICE. Defendant Skinner had no lawful authority to enforce

federal, civil immigration laws.[1]

Because an allegation of unlawful presence in the United States is

insufficient to justify a warrantless arrest, Plaintiff's arrest by Defendants

constitutes an unreasonable seizure in violation of the Fourth Amendment.

## D. Computation of Damages.

Plaintiff seeks compensatory and punitive damages in amounts to be proven

at trial. Plaintiff also seeks costs and reasonable attorneys' fees.

## E. Pendency of Related State or Federal Litigation.

Plaintiff is unaware of any pending state or federal cases involving these

parties, or the direct subject matter of this lawsuit.

## F. Proposed Additional Stipulations of Fact Not Included in Statement of Stipulated Facts and Party's Understanding as to What Law Applies.

Plaintiff does not propose any additional stipulations of fact at this time.

## G. Proposed Deadlines Regarding Joinder of Parties and Amendments of the pleadings.

---

[1] Yellowstone County Sheriff's Office has not entered into an agreement under 8 U.S.C. §1357(g)(1) that would provide the County with authority (upon completion training and certification) to engage in enumerated civil immigration enforcement activities.

PL.'S PRELIM. PRETRIAL STATEMENT - 6

Plaintiff proposes August 31, 2018, as the date for joinder of parties and amendments of pleadings.

**H.      Controlling Issues of Law Suitable for Pretrial Disposition.**

Plaintiff believes that his claims are governed by controlling issues of law, and that his claims can be resolved on summary judgment prior to trial.

**I.   Name, City, and State of Each Individual Known or Believed to Have Information That May Be Used in Proving Party's Claim.**

1. Miguel Angel Reynaga Hernandez
   c/o Matt Adams, NWIRP
   615 Second Ave. Ste. 400
   Seattle, WA 98104
   (206) 957-8611

   Information on events surrounding Plaintiff's arrest by Defendants on October 2, 2017 and his transfer to U.S. Department of Homeland Security (DHS) custody; knowledge of Plaintiff's personal history and background; information on damages resulting from the actions giving rise to this suit.

2. Jana Rae Reynaga
   c/o Matt Adams, NWIRP
   615 Second Ave. Ste. 400
   Seattle, WA 98104
   (206) 957-8611

   Information on events surrounding Plaintiff's arrest by Defendants on October 2, 2017 and his transfer to DHS custody; information on damages resulting from the actions giving rise to this suit.

3. Derrek Skinner
   c/o Kevin Gillen
   Deputy Yellowstone
   County Attorney
   P.O. Box 35025
   Billings, Montana 59107
   (406) 256-2870

   Information on events surrounding Plaintiff's arrest by Defendants on October 2, 2017 and his transfer to DHS custody; information on Yellowstone County Sheriff's Office policies, customs, and/or practices concerning immigration-related matters, including collaboration with and/or transfer of individuals to DHS custody.

4. Pedro Hernandez
   c/o Kevin Gillen
   Deputy Yellowstone
   County Attorney

   Information on events surrounding Plaintiff's arrest by Defendants on October 2, 2017; information on Yellowstone County Justice Court policies, customs, and/or practices

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104

P.O. Box 35025
Billings, Montana 59107
(406) 256-2870

concerning immigration matters, including collaboration with and/or transfer of individuals to DHS or local law enforcement agencies.

5. Yellowstone County Justice Court employees working on October 2, 2018, including courtroom staff No contact information available; will supplement

Information on events surrounding Plaintiff's arrest by Defendants on October 2, 2017; information on Yellowstone County Justice Court policies, customs, and/or practices concerning immigration matters, including collaboration with and/or transfer of individuals to DHS or local law enforcement agencies.

6. Anthony Watson, Yellowstone County Sheriff's Office Supervisor No contact information available; will supplement

Information on Plaintiff's detention at Yellowstone County Detention Facility and transfer to DHS custody on October 2, 2017; information on Yellowstone County policies, customs, and/or practices concerning immigration matters, including collaboration with and/or transfer of individuals to DHS.

7. Yellowstone County employees working at the Yellowstone County Detention Facility and/or working dispatch on October 2, 2017 No contact information available; will supplement

Information on Plaintiff's detention at Yellowstone County Detention Facility and transfer to DHS custody on October 2, 2017; information on Yellowstone County policies, customs, and/or practices concerning immigration matters, including collaboration with and/or transfer of individuals to DHS.

8. ICE officers involved in Plaintiff's arrest, including "D 3817 Frischmann," "Carroll L 2773," and Michael Hardy's "supervisors in Helena" No contact information available

Information on events surrounding Plaintiff's arrest by Defendants on October 2, 2017 and his transfer to DHS custody; knowledge of communications between Yellowstone County and DHS regarding Plaintiff; knowledge of DHS's immigration-related collaboration and/or interactions with Yellowstone County Sheriff's Office and Yellowstone County Justice Court, including their transfer of individuals to DHS custody.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104

Discovery will yield additional information in response to this section.

**J.  Insurance Agreements.**

Plaintiff is unaware of any insurance agreement that may cover any resulting

judgment.

**K. Settlement Discussions and Prospects.**

While Plaintiff is open to the possibility of settlement he parties have not yet

engaged in any settlement discussions.

**L. Special Procedures.**

Plaintiff does not recommend any special procedures.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104

DATED this 24th day of May, 2018.


BORDER CROSSING LAW FIRM          NORTHWEST IMMIGRANT RIGHTS
                                                      PROJECT


s/ Shahid Haque_____          s/ Matt Adams_____
Shahid Haque, SBM #9167              Matt Adams, WSBA #28287
7 West 6th Avenue, Ste. 2A            Leila Kang, WSBA #48048
Helena, MT 59624                         Anne Recinos, NM # 150043
Phone: (406) 594-2004                   Glenda M. Aldana Madrid, WSBA #46987
shahid@bordercrossinglaw.com      (*pro hac vice*)

                                                      615 Second Avenue, Suite 400
                                                      Seattle, WA 98104
                                                      Phone: (206) 957-8611
                                                      matt@nwirp.org
                                                      leila@nwirp.org
                                                      anne@nwirp.org
                                                      glenda@nwirp.org




                             *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Matt Adams, hereby certify that on this 24th day of May, 2018, I

electronically filed the foregoing with the Clerk of the Court using the CM/ECF

system which will send notification of such filing to counsel for Defendants:

Kevin Gillen                    kgillen@co.yellowstone.mt.gov,
                                lrobison@co.yellowstone.mt.gov,
                                llessard@co.yellowstone.mt.gov,
                                jelwell@co.yellowstone.mt.gov,
                                menglish@co.yellowstone.mt.gov


DATED this 24th day of May, 2018.

By:    s/ Matt Adams
       Matt Adams
       615 Second Avenue, Suite 400
       Seattle, WA 98104
       (206) 957-8611
       matt@nwirp.org

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104