

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MIGUEL ANGEL REYNAGA HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>DERREK SKINNER, in his individual capacity; and PEDRO HERNANDEZ, in his individual capacity,<br><br>Defendants. | NO. CV 18-40-BLG-SPW<br><br>STIPULATION AND ORDER |

## STIPULATION

IT IS HEREBY STIPULATED and agreed by and between counsel for the parties that the terms and conditions of this Stipulation and Order shall govern the handling of certain information contained in documents, discovery responses, depositions, pleadings, exhibits, and all other information or things produced or disclosed by any party ("Producing Party") in this litigation.

STIPULATION AND ORDER - 1

1. **Designation of Materials Subject to Protective Order.** A Producing Party shall have the right to designate documents and information it produces as "CONFIDENTIAL" pursuant to this Stipulation and Order and materials designated as such will be referred to as "Designated Materials." Any information relating to an individual's immigration status will be designated as CONFIDENTIAL. Such information includes place of birth, national origin, passports, visas, social security numbers or statements, tax identification numbers or other tax information, information regarding entry into the United States, and information regarding any proceeding or application before the Department of Homeland Security (DHS), Department of Justice (DOJ), or any agency within DHS or DOJ.

2. **Designation of Information Produced.** A Producing Party shall designate information and/or records as CONFIDENTIAL by marking the applicable designation thereon in a size and location which makes the designation readily apparent. In the case of depositions, any party will have thirty (30) calendar days after receipt of the deposition transcript and exhibits to designate, in writing, to the other parties and to the court reporter, whether the transcript or any portion thereof, is to be designated as CONFIDENTIAL. During this thirty-day period, the transcript must be treated as CONFIDENTIAL. If no such designation is made at the time of the deposition or within this thirty-day period, the entire transcript will

be considered devoid of CONFIDENTIAL information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in their possession, custody, or control, and the portions designated in such notice must thereafter be treated in accordance with this Order.

   a. <u>Inadvertent Failure to Designate CONFIDENTIAL Information</u>. An inadvertent failure to designate qualified information as CONFIDENTIAL at the time of its disclosure, does not, standing alone, waive the Producing Party's right to secure protection under this Stipulation and Order for such materials. If material is designated as CONFIDENTIAL after it is initially produced, the receiving parties, on timely notification of the designation, must make reasonable efforts to assure that the Designated Materials are treated in accordance with the provisions of this Order.
   b. <u>Designation of Previously Produced CONFIDENTIAL Information</u>. Within thirty (30) calendar days of this order, each party shall designate any previously produced documents, files, or materials as CONFIDENTIAL by marking it in accordance with Paragraph 2.

c. <u>Maintenance of CONFIDENTIAL Information</u>. It is the responsibility of counsel for each party to maintain materials containing CONFIDENTIAL information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as permitted under this Stipulation and Order. The parties shall cooperate to the extent reasonable to segregate Designated Material with transcripts (and exhibits, if applicable) into a separate document or transcript.

3. **CONFIDENTIAL Restrictions.** Information designated as CONFIDENTIAL shall be used by the receiving parties solely for the purposes of this litigation, and may be disclosed only to the following persons:

   a. Any employee or former employee of a party to whom it is deemed necessary that the designated materials be shown for purpose of the litigation, provided that such employee or former employee shall be advised that he or she is subject to the terms of this Stipulation and Order before being provided designated materials;

   b. Counsel for the respective parties, and employees and independent contractors for counsel that are engaged in work necessary to assist in this litigation. "Counsel" shall mean the attorneys and their firms who have entered an appearance in this case as of the date

this Stipulation and Order is executed by the parties;

c. Third-party experts or consultants, and the employees of such experts and consultants who are assisting them, engaged by counsel or a party to assist in this litigation;

d. A witness in the course of a deposition, hearing, or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the designated material is necessary, provided that the witness agrees to be bound by the terms of this Stipulation and Order and that the witness may not retain copies of designated material unless permitted;

e. Employees of the producing party;

f. Court reporters and persons preparing transcripts of depositions;

g. The author of the document and anyone shown on the document as having received it in the ordinary course of business;

h. The Court and its staff and personnel;

i. Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff; <u>and</u>

j. Any other person only upon stipulation by the parties.

4. **Acknowledgment Required.** Any person described in Paragraph 3(c)

shall have access to Designated Materials after being made aware of the provisions of this Stipulation and Order and have manifested their assent to be bound thereby by signing a copy of the annexed ACKNOWLEDGMENT. *See* Ex. A. Such persons are enjoined from disclosing Designated Materials to any person, except in conformance with this Stipulation and Order. This Stipulation and Order does not require the disclosure of experts other than as required by the Federal Rules of Civil Procedure.

5. **Written Notice for Disagreement on Designation.** In the event that any party disagrees with a Producing Party's designation of CONFIDENTIAL information, such disagreeing party shall provide the Producing Party written notice of its disagreement and the reasons for such disagreement. The parties shall meet and confer to try to resolve the disagreement within seven (7) days. If the dispute is not resolved after such time then the Producing Party shall file a motion with the Court within seven (7) days. Designated Material shall retain its designated status until such time as (a) the parties expressly agree otherwise in writing; or (b) the Court orders otherwise, unless such order is stayed pending appellate review.

6. **Redacted and Sealed Filings.** Designated Material shall not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. A party that files with the Court, or seeks to

use at trial, Designated Materials, shall submit to the Court a redacted and sealed filing pursuant to applicable Electronic Case Filing (ECF) guidelines and Local Rules of Procedure for Civil Cases for the United States District Court for the District of Montana. To the extent practicable, Designated Materials to be filed with the Court shall be filed separately or in severable portions of filed papers, so that the non-confidential portions may freely be disseminated.

7. **No Admission or Prejudice.** Producing or receiving Designated Materials or otherwise complying with this Stipulation and Order shall not (a) operate as an admission that any Designated Materials actually contain confidential information; (b) prejudice the right of any party to object to the authenticity or admissibility of any Designated Materials; (c) be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness, or other objection to production of materials or information; or (d) prevent the parties from agreeing to alter or waive the protections or remedies provided in this Stipulation and Order.

8. **Return or Certification of Destruction.** All Designated Material shall be returned to the Producing Parties or destroyed upon termination of this action. Termination of this action shall be taken and construed as the date forty-five (45) days following (a) the filing of a stipulated dismissal or the entry of a voluntary dismissal; (b) a final non-appealable order disposing of this case; or (c)

the expiration of the time for any appeal. Counsel for the receiving party shall notify counsel for the Producing Party in writing of compliance with this paragraph. Nothing in this paragraph shall preclude counsel from retaining after termination of this action copies of (a) pleadings, motions, and memoranda filed with the Court; and (b) deposition, hearing and trial transcripts and exhibits; provided, however, that such counsel may never disclose retained materials that contain Designated Materials to any other person and shall keep such retained materials in a manner reflecting their confidential designation.

9. **Producing Party's Use.** Nothing herein shall preclude a Producing Party from using its own confidential information, documents, or materials in any manner it sees fit, or from revealing such information, documents, or materials to whomever it chooses.

10. **Independent Source.** This Stipulation and Order shall govern the designation and use of all Designated Material produced in response to any method of discovery conducted by the parties. Information obtained by or made available to any party at any time by lawful means other than through the discovery provisions of the Federal Rules of Civil Procedure shall not be subject to this Stipulation and Order.

13. **Limitation on Use and Survival.** Upon final determination of this action, the restrictions on the communication and disclosure provided for herein

shall continue to be binding upon the parties and all persons to whom Designated Materials or information contained therein has been communicated. This Stipulation and Order shall remain in force and effect and survive the termination of this action unless modified by Order of this Court or by the written stipulation of the parties filed with the Court. The Court shall retain jurisdiction for enforcement of this Stipulation and Order.

14. This Stipulation and Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions of this Order.

## ORDER

IT IS SO ORDERED.

DATED this 8th day of January, 2019.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge

Presented by:

*Attorneys for Plaintiff*

/s/ Matt Adams
Matt Adams
Leila Kang
Anne Recinos
Aaron Korthuis
(*admitted pro hac vice*)

Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
Phone: (206) 957-8611
matt@nwirp.org
leila@nwirp.org
anne@nwirp.org
aaron@nwirp.org


/s/ Shahid Haque
Shahid Haque
Border Crossing Law Firm
7 West 6th Avenue, Suite 2A
Helena, MT 59624
Phone: (406) 594-2004
shahid@bordercrossinglaw.com

*Attorney for Defendants*

/s/ Kevin Gillen
Kevin Gillen
Deputy Yellowstone County Attorney
Yellowstone County Courthouse,
Room 701
P.O. Box 35025
Billings, Montana 59107-5025
(406) 256-2870
kgillen@co.yellowstone.mt.gov